NUMBER 13-09-00273-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

IRA DONNELL DILWORTH, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 24th District Court of Victoria County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Garza
 Appellant, Ira Donnell Dilworth, was charged by indictment with bail jumping and
failing to appear, a third-degree felony. (1) See Tex. Penal Code Ann. § 38.10(a), (f) (Vernon
2003). The underlying offense pertained to Dilworth's failure to appear at a hearing
scheduled for November 10, 2008, regarding a separate criminal offense allegedly
committed by Dilworth--unlawful possession of less than one gram of cocaine in a drug-free zone, a third-degree felony. (2) See Tex. Health & Safety Code Ann. §§ 481.115(b),
481.134(d)(1) (Vernon Supp. 2009). On the day of the hearing, the trial court called
Dilworth's case in the courtroom, and Deputy Armando Daniel Jr. called Dilworth's case
three times at the courthouse steps. Dilworth, however, failed to appear for the hearing. 
Dilworth was arrested by police shortly thereafter in an unrelated incident. (3) 

 Trial on the underlying offense commenced on April 20, 2009, and after hearing the
evidence, the jury convicted Dilworth of bail jumping and failing to appear at the November
10, 2008 hearing. During the punishment phase of the trial, Dilworth pleaded "true" to the
enhancement paragraphs contained in the indictment, and the jury subsequently
sentenced him to thirty years' confinement in the Institutional Division of the Texas
Department of Criminal Justice with no fine. The trial court certified Dilworth's right to
appeal, and he now brings this appeal. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), Dilworth's
court-appointed appellate counsel has filed a brief with this Court, stating that his review
of the record yielded no grounds or error upon which an appeal can be predicated. 
Although counsel's brief does not advance any arguable grounds of error, it does present
a professional evaluation of the record demonstrating why there are no arguable grounds
to be advanced on appeal. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim.
App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable' points of
error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). 

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), Dilworth's counsel has carefully discussed why, under controlling authority, there
are no errors in the trial court's judgment. Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2) served
a copy of the brief and counsel's motion to withdraw on Dilworth, and (3) informed Dilworth
of his right to review the record and to file a pro se response. (4) See Anders, 386 U.S. at
744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. 
More than an adequate period of time has passed, and Dilworth has not filed a pro se
response. See In re Schulman, 252 S.W.3d at 409.

II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the
judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, Dilworth's attorney has asked this Court for permission
to withdraw as counsel. See Anders, 386 U.S. at 744; see also In re Schulman, 252
S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas
1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. 
Within five days of the date of this Court's opinion, counsel is ordered to send a copy of
the opinion and judgment to Dilworth and to advise him of his right to file a petition for
discretionary review. (5) See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at
412 n.35; Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). 

 ________________________

 DORI CONTRERAS GARZA

 Justice 


Do Not Publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 19th day of November, 2009. 
1. The indictment contained three enhancement paragraphs referencing Dilworth's previous convictions
for: (1) aggravated perjury, a third-degree felony, committed on September 9, 1991, see Tex. Penal Code
Ann. §§ 37.02(a)(1), 37.03 (Vernon 2003); (2) robbery, a second-degree felony, committed on September 9,
1991, see id. § 29.02 (Vernon 2003); and (3) manufacture and delivery of more than four but less than 200
grams of cocaine, a first-degree felony, committed on September 24, 2002. See Tex. Health & Safety Code
Ann. § 481.112(a), (d) (Vernon Supp. 2009). Thus, Dilworth was subject to the punishment range for habitual
felony offenders. See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2009) (providing that if the defendant
has been convicted of two felony offenses, other than state-jail felonies, and the second offense occurred after
the first became final, defendant "shall be punished . . . for any term not more than 99 years or less than 25
years").
2. At the time of the November 10, 2008 hearing, Dilworth was out on bail. Furthermore, Dilworth
testified at trial that he recalled the trial judge instructing him at a separate hearing that his attendance at the
November 10, 2008 hearing was required.
3. In fact, when he was arrested, Dilworth provided false information to police as to his name and date
of birth, which Victoria Police Department Officer Michael Smith identified as a criminal offense--failure to
identify, a class B misdemeanor. See id. § 38.02(b), (d) (Vernon Supp. 2009). 
4. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
5. No substitute counsel will be appointed. Should Dilworth wish to seek further review of this case by
the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review
or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty
days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. 
See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will
be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.